J-S24023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JESSE HEROLD, | |
| Appellant | No. 2683 EDA 2014 |

Appeal from the Judgment of Sentence entered August 21, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-45-CR-0001315-2013

BEFORE:  GANTMAN, P.J., ALLEN, and MUSMANNO, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED APRIL 06, 2015**

Jesse Herold ("Appellant") appeals from the judgment of sentence imposed by the trial court after it determined that Appellant had violated the conditions of his probation.  We affirm.

The trial court summarized the factual and procedural background as follows:

> On September 25, 2013, [Appellant] pled guilty to Possession of Drug Paraphernalia, an ungraded misdemeanor. Thereafter, on February 18, 2014, [Appellant] was sentenced to one (1) year probation with a term expiring on June 1, 2015.  As a condition of probation, [Appellant] had to continue substance abuse treatment at an approved facility.  On July 21, 2014, [Appellant] was charged with violating his probation after being arrested for, among others, DUI and Possession of Drug Paraphernalia.  On August 21, 2014, [the trial court] conducted a hearing on the petition to revoke [Appellant's] probation. [Appellant] entered a plea to the Possession of Drug Paraphernalia charge and was resentenced to undergo incarceration in a state correctional institution for not less than six months nor more than twelve months.  The sentence

imposed was to run consecutive to a previously imposed sentence. [Appellant] filed a Motion to Reconsider Sentence on August 27, 2014. [The trial court], by order dated September 2, 2014, denied [Appellant's] Motion for Reconsideration.

On September 11, 2014, [Appellant] filed a timely notice of appeal. [The trial court] issued an Order on September 16, 2014 directing [Appellant] to file his Concise Statement of Errors pursuant to Pa.R.A.P. 1925(b), no later than 21 days after the date of the Order. The last day of the filing deadline was October 7, 2014. [Appellant] filed his Pa.R.A.P. 1925(b) statement on November 5, 2014, well after the filing deadline.

Trial Court Opinion, 11/14/14, at 2 (footnotes omitted).

Although Appellant filed an untimely Pa.R.A.P. 1925(b) statement, the trial court, in the interest of judicial economy, addressed Appellant's claim in a Pa.R.A.P. 1925(a) opinion. Therefore, we will address the merits of this appeal without remand.[1]

Appellant presents a single issue for our review:

1. Whether the [trial court] abused its discretion at the time of Re-Sentencing in this matter, by sentencing Appellant to the maximum sentence allowable by law, well outside of what the sentencing guidelines would call for had this been an initial sentencing hearing.

Appellant's Brief at 5.

Appellant argues that the trial court abused its discretion when it sentenced him to six to twelve months of incarceration. Appellant's Brief at

---

[1] **See Commonwealth v. Veon**, --- A.3d ----, 2015 WL 500887 (Pa. Super. 2015) (where the trial court has addressed the issues raised in an untimely Rule 1925(b) statement, we need not remand and may address the issues on their merits).

10-13. Such a challenge to the discretionary aspects of a sentence is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. *Commonwealth v. Hanson*, 856 A.2d 1254, 1257 (Pa. Super. 2004).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted); *see also Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("[W]hen a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion.").

Here, Appellant preserved his claim in his motion for reconsideration, and filed a timely notice of appeal. Appellant has additionally included in his brief a concise statement pursuant to Pa.R.A.P. 2119(f). *See* Appellant's

Brief at 9. Therefore, we proceed to determine whether Appellant has presented a substantial question for our review.

"A substantial question exi[s]ts only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Clarke*, 70 A.3d 1281, 1286-1287 (Pa. Super. 2013) (citation omitted). Here, Appellant asserts that "the [trial] court abused its discretion by disregarding the sentencing guidelines at re-sentencing and by placing Appellant in state prison for possession of drug paraphernalia, without properly considering mitigating factors that appeared of record, due to Appellant's drug addiction." Appellant's Brief at 9. Accordingly, Appellant argues that his sentence to the statutory maximum term of imprisonment was excessive, and constituted an abuse of discretion. *Id*.

This Court has held that "an excessiveness claim in conjunction with an assertion that the court did not adequately consider a mitigating factor may present a substantial question." *Commonwealth v. Zeigler*, --- A.3d ----, 2015 WL 1268158 at 5 (Pa. Super. 2015). Because Appellant has presented a substantial question for our review, we address its merits.

Although Appellant argues that the sentence imposed by the trial court following revocation was excessive, Appellant acknowledges that the sentence did not exceed the statutory maximum. While Appellant argues

- 4 -

that the imposition of the statutory maximum in and of itself constitutes an abuse of discretion, it is well established that "upon revocation [of probation] … the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (internal quotation marks and citations omitted). Thus, without more, an assertion that the trial court erred in sentencing Appellant to the statutory maximum does not constitute an abuse of discretion.

With regard to Appellant's claim that his sentence fell outside of the range of the sentencing guidelines, this Court has made clear that an allegation that a sentence is excessive because the court deviated from the guidelines without providing adequate reasons and/or considered improper factors, is without merit as it is well settled that "[t]he sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocations." *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa. Super. 2001). This claim therefore lacks merit.

Finally, to the extent that Appellant argues that the trial court failed to consider mitigating factors – in particular Appellant's substance abuse and drug addiction – in its imposition of sentence, the record refutes this claim. At the sentencing hearing, the trial court, which had the benefit of a pre-sentence investigation report, heard statements from Appellant in which he indicated his intent to "get[] therapy and go[]to AA meetings." N.T.,

8/21/14, at 3.  Additionally, the trial court heard from Appellant's probation officer, who stated that Appellant "struggles with an addiction ... stemming back from two years in rehab, [and] here we are, years later still struggling with the same heroin addiction." *Id*. at 8.

In addition, the trial court stated on the record that it was cognizant of Appellant's substance use, explaining:

> [T]he sad thing is ... since at least 2012 ... he's been in and out of jail and there's been nothing that's changed; and that's why I was just asking him ... what's going to make him change.  ... [A]s he stands before me and he's incarcerated ... he has no ability to make a bad decision in that respect as far as drug use.  ...  I think that he is motivated as he's in jail and he's clean and he's sober and he doesn't' have access to it.  I think the problem is when you get out and you revert back to the people, places, and things; that's what's been happening for the past couple of years.

> ***

> I think it's drug[s] and alcohol that's driving you.  You haven't done well under county supervision [and] your [drug] use isn't stopping while you're on county supervision, which means supervision isn't working for you.

*Id.*, at 6-7, 23-24.

When Appellant expressed to the trial court that he was trying to rehabilitate himself, the trial court responded, "[f]or whatever reason, I think I probably believe you," but nevertheless concluded that Appellant "relapsed [and] got drunk and ... used [drugs]" and at the time of sentencing, the trial court explained to Appellant:  "I know you're frustrated

- 6 -

sir, but you've heard my reasoning. ... I just think getting you more help is the better way." *Id*. at 32, 36-38. Based on the foregoing, the trial court clearly was aware of Appellant's substance abuse problems, and took them into consideration in fashioning Appellant's sentence. Appellant's claim to the contrary is unavailing.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2015